UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 21-46 |
| JONATHAN JOHNSON | SECTION I |

ORDER & REASONS

Before the Court is *pro se* defendant Jonathan Johnson's ("Johnson") "motion for extraordinary [and] compelling reason to withdraw one's plea[ ] under 3582(c)(1)(A)(i) [and] (ii)."[1] The government opposes the motion.[2] For the reasons below, the Court dismisses the motion without prejudice.

I.   FACTUAL BACKGROUND

On November 3, 2021, Johnson pleaded guilty to one count of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(2)(A).[3] Prior to sentencing, U.S. Probation filed a presentence report ("PSR"). Due to the quantity and purity of the methamphetamine he possessed, Johnson's base offense level was 32.[4] Johnson, through counsel, filed several objections to the PSR, but none pertained to the base offense level calculation.[5] However, Johnson's counsel also filed a sentencing memorandum requesting a downward variance, arguing in relevant part that the U.S. Sentencing Guidelines'

---

[1] R. Doc. No. 75.
[2] R. Doc. No. 79.
[3] R. Doc. Nos. 9, 46.
[4] R. Doc. No. 58, ¶ 13.
[5] R. Doc. No. 55.

1

("U.S.S.G.") reliance on meth purity for calculation of the base offense level overstated Johnson's culpability.[6]

At sentencing, Johnson's counsel acknowledged that he did not believe that the base offense level was incorrectly calculated.[7] Instead, Johnson's counsel agreed that the question before the Court was whether the Court should grant a downward variance based on a policy disagreement with the U.S.S.G.'s treatment of pure methamphetamine versus methamphetamine mixture.[8] After this clarification, the Court asked Johnson whether he understood what his attorney had said and whether he had any questions.[9] Johnson responded that he understood and did not have any questions.[10] The Court stated that it would apply the pure meth guidelines and that it did not believe that the mixture guidelines should be applied as a matter of policy.[11] Johnson confirmed that he wanted to go forward with sentencing and did not want to withdraw his guilty plea.[12] The Court then sentenced Johnson to a 150-month term of imprisonment.[13] This sentence reflected a downward variance from the guideline range of 188 to 235 months, but the variance was based on factors other than defense counsel's argument regarding the meth guidelines. In the instant motion, Johnson argues that his counsel was ineffective at sentencing.

---

[6] R. Doc. No. 69.
[7] R. Doc. No. 74, at 11:7–25.
[8] *Id.* at 12:12–13:13.
[9] *Id.* at 13:16–14:14.
[10] *Id.* at 13:16–14:8.
[11] *Id.* at 11:7–10, 12:23–25, 14:15–21.
[12] *Id.* at 14:23–15:11.
[13] *Id.* at 21:5.

## II.     LAW & ANALYSIS

### a. 18 U.S.C. § 3582

Johnson's motion references 18 U.S.C. § 3582(c)(1)(A)(ii), which provides that a court may reduce a defendant's sentence based on "extraordinary and compelling reasons."[14] It is not clear from Johnson's motion what "extraordinary and compelling reasons" he believes justify relief pursuant to this statute. The Court notes that claims of ineffective assistance of counsel are "the province of a direct appeal or a § 2255 motion, not a compassionate release motion." *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

Moreover, as the government points out, Johnson has not provided any evidence that he exhausted his administrative remedies prior to filing the instant motion. *See* 18 U.S.C. § 3582(c)(1)(A) (providing that the Court may reduce a sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

---

[14] Johnson also references § 3582(c)(1)(A)(ii), which allows for a sentence reduction if "the defendant is at least 70 years of age, has served at least 30 years in prison . . . for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." Johnson has not attained the age of 70 years, so this subsection is inapplicable.

3

Accordingly, to the extent Johnson seeks a sentence reduction pursuant to § 3582(c)(1)(A)(i), his motion is dismissed without prejudice. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 208 L. Ed. 2d 466, 141 S. Ct. 920 (2020) ("[A]ll requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts."); *see also United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.) (noting that the defendant bears the burden of demonstrating exhaustion).

### b. 28 U.S.C. § 2255

Much of Johnson's motion relates to his claims that his counsel was ineffective at sentencing. Johnson's motion is not styled as one pursuant to 28 U.S.C. § 2255, which provides for collateral attack on a sentence "imposed in violation of the Constitution or the laws of the United States."[15] However, construing his motion liberally, the Court understands Johnson to request relief pursuant to that statute.

Johnson has not previously filed a § 2255 motion. "[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion" it "must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an

---

[15] The motion is also not made via the form that this District provides for *pro se* 28 U.S.C. § 2255 motions. The Court also notes that, though Johnson's motion references withdrawal of a guilty plea, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).

4

opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003).

In accordance with *Castro*, the Court informs Johnson that it understands his motion as requesting relief pursuant to § 2255. Because the Court dismisses the instant motion without prejudice, reserving Johnson's right to refile it, the instant motion will not serve as his first § 2255 motion for purposes of the "second and successive" restrictions. However, should Johnson choose to refile, the refiled motion will serve as his first § 2255 motion, and any subsequent motions pursuant to that statute would be subject to the restrictions on second and successive motions

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Johnson's motion is **DISMISSED WITHOUT PREJUDICE**, reserving his right to refile the motion in proper form and with all necessary information.

New Orleans, Louisiana, August 3, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**