## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 21-46** |
| **JONATHAN JOHNSON** | **SECTION I** |

## <u>ORDER & REASONS</u>

Before the Court is petitioner Jonathan Johnson's ("Johnson") *pro se* motion[1] to review his sentence pursuant to 28 U.S.C. § 2255. The government opposes Johnson's motion.[2] For the reasons set forth below, the Court denies Johnson's motion.

## I.     BACKGROUND

On November 3, 2021, Johnson pleaded guilty to one count of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(2)(A).[3] Prior to sentencing, U.S. Probation filed a presentence report ("PSR").[4] Due to the quantity and purity of the methamphetamine he possessed, Johnson's base offense level was 32.[5] Johnson, through counsel, filed several objections to the PSR, but none pertained to the base offense level calculation.[6] However, Johnson's counsel also filed a sentencing memorandum requesting a downward variance, arguing in relevant part that the U.S. Sentencing

---

[1] R. Doc. No. 81.
[2] R. Doc. No. 83.
[3] R. Doc. Nos. 9, 46.
[4] R. Doc. No. 58.
[5] *Id.* ¶ 13.
[6] R. Doc. No. 55.

1

Guidelines' ("U.S.S.G.") reliance on methamphetamine purity for calculation of the base offense level overstated Johnson's culpability.[7]

Johnson was sentenced on June 29, 2022.[8] At sentencing, Johnson's counsel acknowledged that he did not believe that the base offense level was incorrectly calculated.[9] Instead, Johnson's counsel agreed that the question before the Court was whether the Court should grant a downward variance based on a policy disagreement with the U.S.S.G.'s treatment of pure methamphetamine versus methamphetamine mixture.[10] After this clarification, the Court asked Johnson whether he understood what his attorney had said and whether he had any questions.[11] Johnson responded that he understood and did not have any questions.[12]

The Court stated that it would apply the pure methamphetamine guidelines and that it did not believe that the mixture guidelines should be applied as a matter of policy.[13] Johnson confirmed that he wanted to go forward with sentencing and did not want to withdraw his guilty plea.[14] The Court then sentenced Johnson to a 150-month term of imprisonment.[15] This sentence reflected a downward variance from the guideline range of 188 to 235 months, but the variance was based on factors other

---

[7] R. Doc. No. 69.

[8] R. Doc. No. 72.

[9] R. Doc. No. 74, at 11:7–25.

[10] *Id.* at 12:12–13:13.

[11] *Id.* at 13:16–14:14.

[12] *Id.* at 13:16–14:8.

[13] *Id.* at 11:7–10, 12:23–25, 14:15–21.

[14] *Id.* at 14:23–15:11.

[15] *Id.* at 21:5.

than defense counsel's argument regarding the methamphetamine guidelines. Johnson did not file an appeal.

On July 6, 2023, the Court received a motion from Johnson for a reduction in sentence based on his attorney's alleged ineffectiveness at sentencing.[16] The Court dismissed the motion without prejudice, finding that Johnson had not exhausted his administrative remedies in order to pursue a compassionate release claim and he had not filed the motion pursuant to 28 U.S.C. § 2255.[17]

On January 9, 2024, the Court received a motion by Johnson to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255.[18] The motion is dated June 1, 2023.[19] The motion is accompanied by a letter from Johnson stating that he mailed the original § 2255 motion on June 1, 2023.[20] The letter states that, because the Court's order denying his motion for compassionate release references actions pursuant to § 2255 but does not acknowledge his previously filed § 2255, Johnson re-sent the motion to confirm the Court's receipt.[21]

In his motion, Johnson argues that his counsel was ineffective because his counsel failed to utilize the then-current caselaw, because he failed to move for a continuance, because he did not object to the sentencing guideline calculation, and because he failed to seek mitigation of the sentence based on the COVID-19

---

[16] R. Doc. No. 75.
[17] R. Doc. No. 80.
[18] R. Doc. No. 81.
[19] *Id.* at 12.
[20] R. Doc. No. 81-3.
[21] *Id.*

pandemic.[22] Johnson argues that his counsel's alleged missteps, considered together, have a cumulative effect which justifies granting his § 2255 motion.[23] Finally, Johnson requests that this Court appoint him counsel if there are any factual disputes related to his motion.[24]

In response, the government argues that Johnson's counsel was not ineffective because he made the arguments that Johnson requested, both in a motion for a downward variance and through his oral argument at sentencing.[25] The government also argues that failure to seek a continuance was not ineffective assistance of counsel because Johnson's attorney made the requested arguments prior to and at sentencing and because Johnson told the Court that he wanted to go forward with sentencing after being informed that the guidelines would be based on pure methamphetamine.[26] Finally, the government argues that Johnson's attorney did not need to move for a variance based on the COVID-19 pandemic because the proper forum for that request is through a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[27]

## II.   STANDARD OF LAW

Section 2255 allows a federal prisoner to "move the court which imposed [his] sentence to vacate, set aside, or correct [his] sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or

---

[22] R. Doc. No. 81-1, at 11.
[23] *Id.* at 12.
[24] *Id.* at 14.
[25] R. Doc. No. 83, at 7.
[26] *Id.* at 9.
[27] *Id.* at 10.

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The petitioner bears the burden of proving his claim by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). However, courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

### a.  Statute of Limitations

Petitions for habeas relief brought pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *U.S. v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Courts should be "mindful that dismissing a first § 2255 motion or habeas petition is a 'particularly serious matter.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).

**b.      Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are governed by the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland*'s two-part test requires a defendant to prove both that counsel's performance was deficient and that the defendant was prejudiced. *Strickland*, 466 U.S. at 687. "If the Court finds that the petitioner has made an insufficient showing as to either prong, it may dispose of the claim without addressing the other prong." *United States v. Henry*, No. 08-19, 2010 WL 2998888, at *3 (E.D. La. July 28, 2010) (Vance, J.).

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).  In other words, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.  "When ineffectiveness claims relate to counsel's performance at sentencing, *Strickland*'s deficiency prong is met when counsel fails to research facts and law and raise meritorious arguments based on controlling precedent." *United States v. Djuga*, No. CR 14-140, 2020 WL 1663126, at *3 (E.D. La. Apr. 3, 2020) (Africk, J.) (quoting *United States v. Cunningham*, No. 12-3147, 2013 WL 3899335, at *7 (S.D. Tex. July 27, 2013)).

6

A showing of prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). "To satisfy *Strickland*'s prejudice prong as it pertains to sentencing, 'any amount of additional jail time has Sixth Amendment significance.'" *Djuga*, 2020 WL 1663126, at *3 (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)).

## III.   ANALYSIS

### a.  Statute of Limitations

As discussed, Johnson was sentenced on June 29, 2022. Because he did not file an appeal, Johnson's conviction became final fourteen days later, on July 13, 2022. *See* Fed. R. App. P. 4(b)(1)(A). Therefore, Johnson's motion must have been filed within one year of July 13, 2022. *See* 28 U.S.C. § 2255(f).

The Court received Johnson's motion on January 9, 2024.  The motion is dated June 1, 2023.  "*Pro se* prisoners' filings are governed by the mailbox rule. Thus, they are deemed 'filed as soon as the pleadings have been deposited into the prison mail system.'" *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (quoting *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). "A *pro se* prisoner has the burden to prove that he is entitled to benefit from the prison mailbox rule and that his pleadings were properly submitted for filing in a timely manner." *Ficher v. Kent*, No. CV 14-2281,

2021 WL 389497, at *2 (E.D. La. Feb. 3, 2021) (Morgan, J.) (citing *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019)).

"Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *United States v. Nyamaharo*, 514 F. App'x 479, 480 (5th Cir. 2013) (quoting Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts). "When a litigant has certified under penalty of perjury that his petition was deposited in the prison mailing system on a certain date, the petition is deemed filed on that date." *Id.*

The motion received by the Court on January 9, 2024 includes a declaration under the penalty of perjury that the motion was tendered for mailing using pre-paid postage on June 1, 2023.[28] The motion is also accompanied by a letter from Johnson inquiring as to why the Court had not yet ruled on his § 2255 motion.[29] Johnson had previously sent the Court three letters inquiring about the status of his § 2255 motion after the Court ruled on his motion for compassionate release but did not respond to his § 2255 motion.[30] The letters were dated August 14, 2023, September 28, 2023, and November 30, 2023. In response to each letter, the Clerk of Court sent Johnson a copy of his case's docket sheet so Johnson could see all motions and orders in the record. These letters provide further evidence that Johnson had tendered the motion for

---

[28] R. Doc. No. 81-1, at 14.
[29] R. Doc. No. 81-3.
[30] Copies of these letters were retained by the Clerk of Court.

filing on June 1, 2023. The government does not argue that Johnson's motion was untimely. Accordingly, the Court finds that Johnson tendered his motion for filing on June 1, 2023 and that the motion was filed within one year of July 13, 2022.

### b. Ineffective Assistance of Counsel

Johnson argues that his lawyer's failure to utilize the "current and prevailing law" pertaining to methamphetamine constituted ineffective assistance of counsel.[31] Similarly, Johnson claims that his attorney should have formally objected to the guidelines and that doing so "may have swayed the Court" to use a mixture guideline.[32] However, Johnson's attorney filed a motion for a downward variance which discussed the sentencing discrepancy between mixture and pure methamphetamine.[33] In that motion, Johnson's attorney discussed the relevant caselaw and asked the Court to apply the guidelines for a mixture of methamphetamine.[34] At sentencing, Johnson's attorney explained that the guidelines were calculated correctly and that there was "no valid objection to the strict application of the quantity and the sentencing range that probation came up with."[35] Rather, the motion for downward variance asked the Court to treat the pure methamphetamine as a mixture as a matter of policy.[36] The Court considered and rejected this argument.[37]

---

[31] R. Doc. No. 81-1, at 3–4.
[32] *Id.* at 10.
[33] R. Doc. No. 69.
[34] *Id.* at 6.
[35] R. Doc. No. 74, at 13:6–9.
[36] *Id.* at 12:13–20.
[37] *Id.* at 11:7–10.

While Johnson's attorney only raised the argument and relevant caselaw through his motion for a downward variance, nothing in Johnson's motion or the sentencing transcript indicates that Johnson was prejudiced by his attorney's failure to also make this argument as an objection to the PSR. Even if Johnson's attorney had also raised this argument as an objection to the PSR, Johnson cannot show that the result of the proceeding would have been different since the Court considered and rejected the suggestion that the guidelines should be recalculated.[38]

Johnson also argues that his lawyer's failure to seek a continuance of the sentencing was ineffective.[39] Specifically, Johnson contends that his lawyer should have sought a continuance in order to formally file his objections.[40] However, as previously discussed, not only did Johnson's attorney raise the argument through a motion for a downward variance, but the Court also considered and rejected such argument at sentencing, both as it pertained to the calculation of the guidelines and the downward variance request. Accordingly, Johnson has not satisfied the *Strickland* prejudice prong with respect to these arguments.

Johnson also seems to suggest that his attorney represented that he would be able to obtain a sentence based on the guidelines for a mixture of methamphetamine.[41] However, at his rearraignment, Johnson told the Court that no one, including his attorney, had told him what sentence he will receive.[42] Johnson

---

[38] *Id.*
[39] R. Doc. No. 81-1, at 4.
[40] *Id.* at 5.
[41] *Id.* at 8.
[42] Transcript of Johnson's rearraignment, at 11:14–17.

also acknowledged that he understood that all discussions with his attorney about sentencing guidelines were rough estimates and that the Court would not be bound by those discussions.[43] Courts "give the statements during the [rearraignment] greater weight than [they] give unsupported, after-the-fact, self-serving revisions." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).

As evidenced by Johnson's statements at his rearraignment, it is clear that Johnson was aware that his attorney could only provide him with estimates of his sentence and that his attorney could not guarantee a sentence within a specific guideline range. Therefore, Johnson cannot demonstrate any *Strickland* prejudice caused by his attorney's alleged representation about his potential sentence.

Johnson's final argument is that his attorney was ineffective because he did not seek mitigation of his sentence based on the COVID-19 pandemic.[44] Johnson relies on cases where defendants filed motions pursuant to 18 U.S.C. § 3582(c)(1) based on the prison conditions during the COVID-19 pandemic.[45] *See United States v. Tazewell*, No. 07 CR. 1035, 2021 WL 21980 (S.D.N.Y. Jan. 3, 2021); *United States v. Golding*, No. 05-CR-538, 2022 WL 2985014 (S.D.N.Y. July 27, 2022); *United States v. Valencia-Lopez*, No. 05-CR-841, 2022 WL 198604 (E.D.N.Y. Jan. 21, 2022). Pursuant to 18 U.S.C. § 3582(c)(1), a sentence may be modified "once it has been imposed" in certain limited circumstances. This subsection applies to the modification, not the imposition, of a sentence. Accordingly, these cases are

---

[43] *Id.* at 11:18–22.
[44] *Id.* at 11.
[45] *Id.*

inapplicable to initial sentencing and Johnson has not satisfied either prong of *Strickland* with respect to this argument.[46]

As discussed, Johnson also requests that the Court appoint counsel to represent him if there are factual disputes related to his motion. No such factual disputes have been raised, and this Court in its discretion denies the request to appoint counsel. *See United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) ("Whether to appoint counsel to represent a defendant in a § 2255 proceeding is committed to the sound discretion of the district court.").

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Johnson's § 2255 motion is **DENIED** and this matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Johnson's request to appoint counsel is **DENIED**.

New Orleans, Louisiana, February 21, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[46] In his motion, Johnson argues that all the alleged deficiencies in his counsel's performance have a cumulative effect that justifies granting his motion. Even assuming the doctrine of cumulative errors applies in the 28 U.S.C. § 2255 context, Johnson has not demonstrated prejudice which can be cumulated. *See Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (explaining, in the 28 U.S.C. § 2254 context, that "[m]eritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised.").